### YOUNGS v. FREEMAN.

In an action for an unlawful detainer, the estate or merits of the title cannot be en-
quired into. The inquiry is forbidden by the 20th Section of the statute *Rev.
Laws,* 352.

This was a *certiorari* removing into this court, the judgment
and proceedings in a case of unlawful detainer. The opinion of
the court was delivered by the Chief Justice.

*Drake,* for plaintiff in *certiorari.*

*J. W. Miller,* for defendant.

HORNBLOWER, C. J. Youngs, the tenant of the premises, had
entered under a lease from Messrs. Boggs and Donaldson, on
the 14th April 1833, to hold until the 1st April 1834. The
plaintiff, who claimed to be the owner of the reversion, by a
conveyance to him in fee, from the lessors, Boggs and Donald-
son, gave notice to the tenant Youngs, on the 9th April 1834,
demanding of him the possession of the premises. The suit was,
commenced on the 12th of May following. There was no evi-
dence on the trial, of any attornment by Youngs to the complain-
ant, nor of his right to the reversion. To establish such a right,
the plaintiff offered in evidence, a deed for the premises, to him
from Boggs and Donaldson, the lessors. This was objected to,
and the evidence over-ruled by the Justice. The plaintiff next
offered to prove a parol assignment of the lease, by the lessors,
to him; but this also was over-ruled. The plaintiff then offered
to prove an actual delivery of a deed for the premises, and of
the lease, by the lessors to him. This evidence was admitted
by the Justice. The jury found a verdict for the plaintiff.

The Justice was clearly right in rejecting the evidence offered
to prove the assignment of the lease, for two reasons. First,
because a parole assignment was insufficient to pass any legal
interest or estate in the lands, so as to enable the assignee to
maintain any action upon it, either for the recovery of the rent,
or of the leasehold premises: and secondly, because a transfer
of the lease in whatever form it had been made, would not
convey to the assignee, the reversionary interest in the lands.
The only material question in the case is, whether the Justice
committed an error in over-ruling the deed? If he did right

in refusing to permit the deed to be read in evidence, he was certainly wrong in afterwards admitting evidence of the *delivery* of the deed and lease, by the agent of the lessors, to the complainants. The two decisions cannot stand together. The delivery of a deed includes the execution of a deed: it is the consummating act, and that by which the title passes. The Justice refused to permit the complainant to prove title by producing, proving and reading in evidence, a deed for the premises; and yet he permitted him to prove the actual *delivery* of a deed. But how could the Justice know that the instrument delivered was *a deed* from the lessors, until it was proved to be so? And if proved to be *their deed*, how could the Justice or the jury tell, what it conveyed, or what estate or interest it passed, or to whom it was made, without *reading* it? The amount of it seems to be, that the justice took for granted and put to the jury, as evidence, that which had not been proved, and which he had judicially determined, could not lawfully be proved.

We must come back then, to the admissibility of the deed. By the 20th *Section* of the statute, *Rev. Laws*, 352, it is enacted, that, " the *estate*, or *merits of the title*, shall *in no wise* be inquired into." If then, the complainant in this case, cannot succeed without shewing a title, he must, as this court said in *Allen* v. *Smith*, 7 *Halst.* 199, 200, " resort to some other action." Now it is obvious, that the complainant was a stranger to this lease, at the time of its creation. He had at that time, no interest whatever in the premises, either as landlord or reversioner. If he has any now, he must have acquired it by descent or purchase; if so he must show it; and how can he do that without proving *title?* But it is said, to prove the *existence of a title* is one thing, and to inquire into the *merits* of it, quite another thing. But this is a refinement we cannot resort to. Proof of *a title* involves an inquiry into its validity. If by *descent*, the whole matter must be gone into, of title and seizin in the ancestor, and whether the complainant is heir or not—questions, sometimes the most complicated in the law. If by *deed*, its execution, its *bona fides*, and its sufficiency to pass an estate, must be settled; and if complainant may

shew *title* by *one deed*, he may deduce it through a dozen mesne conveyances, or by devise. I am therefore of opinion, that the proof of the deed, was properly rejected—and consequently, the subsequent admission of evidence of its delivery to the complainant, was erroneous. In short, the case of *Allen* v. *Smith*, before cited, is conclusive upon the point before us. The judgment must be *Reversed.*

FORD, J. and RYERSON, J. concurred.

*Judgment Reversed.*